IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carolyn Bernice Cook, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:12-2633 |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |

This matter comes before the Court on a Report and Recommendation of the Magistrate Judge recommending that the decision of the Commissioner denying Social Security disability benefits to Plaintiff be reversed and remanded because of the failure of the Administrative Law Judge ("ALJ") "to address the issue of Plaintiff's financial situation and the alleged impact of this on her failure to pursue additional medical treatment or not take medication at times due to the inability to afford it." (Dkt. No. 55 at 8). The Commissioner has advised the Court she does not intend to file objections to the Report and Recommendation. (Dkt. No. 59).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

In finding that Plaintiff was capable of performing the full range of medium work and was therefore not disabled under the Social Security Act, the ALJ found that the claimant "sometimes does not take her medication as prescribed because she cannot afford the medication" and had not pursued "additional medical treatment" beyond visits to a county health clinic. Transcript of Record ("Tr.") at 13. The Magistrate Judge noted that penalizing a Social Security claimant for failing to pursue treatment or medications she cannot afford is inconsistent with controlling law in this Circuit. (Dkt. No. 55 at 7-8). As the Fourth Circuit stated in *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986), "[a] claimant may not be penalized for failing to seek treatment she cannot afford" because it "flies in the fact of the patent purposes of the Social Security Act to deny benefits to someone because [she] is too poor to obtain medical treatment that may help [her]." *See also,* SSR 96-7P, 1996 WL 374186 at *7 (July 2, 1986).

The Magistrate Judge correctly noted that the ALJ failed to inquire into Plaintiff's financial condition to determine if her lack of significant medical evaluation and treatment and compliance with her medical regime was the result of her lack of financial resources and access to free or low cost medical treatment. Particularly in a situation such as present here, where the Plaintiff is acting *pro se*, the ALJ has a special duty to develop an adequate record. Since this clearly was not done, the Court finds that reversal of the Commissioner's decision with remand to the administrative agency is the proper course. Based on the foregoing, the Court adopts the Report and Recommendation of the Magistrate Judge as the order of this Court. The decision of the Commissioner is hereby reversed pursuant to Sentence Four of 42 U.S.C § 405(g), and the matter is remanded to the Social Security Administrative for further action consistent with this order.

AND IT IS SO ORDERED.

                                                                      Richard Mark Gergel
                                                                      United States District Judge

May 12, 2014
Charleston, South Carolina